IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Walter Tyrone Brown, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Prisma Health Hospital Richland and Prisma Health Hospital Richland Springs, <br><br> Defendants. | C/A No. 3:23-cv-02967-JFA <br><br><br><br> **ORDER** |

Plaintiff Walter Tyrone Brown, Jr. ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Prisma Health Hospital Richland and Prisma Health Hospital Richland Springs (collectively "Defendants") alleging they unlawfully sent him to a mental health hospital. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

Plaintiff filed his complaint in this Court on June 23, 2023. (ECF No. 1). On August 8, 2023, Defendants filed a Motion to Dismiss and/or for summary judgment. (ECF No. 15). On this same day, the Magistrate Judge advised Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond via an Order issued pursuant to *Roseboro v. Garrison*, 538 F.2d 309, 310 (4th Cir. 1975). Plaintiff filed a Response on August 10, 2023 (ECF No. 20), and Defendants filed a Reply on August 15, 2023. (ECF No. 21).

1

After reviewing the filings in this case, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines Defendants' Motion to Dismiss and/or for Summary Judgment should be granted and this action dismissed with prejudice. (ECF No. 23). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report which was entered on the docket on August 29, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by September 12, 2023. *Id.* Plaintiff timely filed objections (ECF No. 28), and thereafter, Defendants filed a Reply. (ECF No. 29).

Additionally, on September 13, 2023, Plaintiff filed a Motion for Default against the Defendants (ECF No. 27 ), and Defendants filed a Reply. (ECF No. 30).

Thus, this matter is ripe for review.

I.     **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis

added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The standards for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion summary judgment are well known and stated within the Report which incorporated herein.

## II.     DISCUSSION

Although this Court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to properly address Petitioner's objections. In the Complaint, Plaintiff seeks $3,053,950.00 in damages. (ECF No. 1, p. 3). Plaintiff alleges as follows:

> My facts start at me being sent into a Mental health institution by Prisma Health Medical Doctor Dana M. Narn from the hospital Richland without my consent. MD Narn did not tell me what the health records I have obtained have on it. Other doctors at Prisma Health Hospital Richland Springs would not allow me to leave the mental health hospital (holding me against my will), while being held at [their] mental hospital the doctors from Richland and Richland Springs agree to use a high dosage drug which I believe is unconstitutional to drug someone and make them take medication which makes you have bad headaches. Okay, my arrest record is clear I have not been adjudicated or committed to a mental health hospital, but these hospitals and doctors refuse to change the lies they put on my health record and background.

(ECF No. 1-1, p. 5).

Ultimately, the Report recommends granting Defendant's Motion to Dismiss and/or Motion for Summary Judgment based on Plaintiff's failure to comply with the South Carolina pleading requirements for medical malpractice actions and the statute of limitations which has expired. Significantly, the Report also recommends denying

Defendants' motion based on res judicata because Plaintiff's previous suit in state court was not adjudicated on the merits.[2] Because the Report recommends granting Defendants' motion on other dispositive grounds, this ruling is noted but inconsequential.

Plaintiff has objected to the Report's conclusions; however, his objections are unavailing. First, Plaintiff asserts his claim is based on negligence[3], and not medical malpractice. Because it's based on negligence, Plaintiff argues the statute of limitations for medical malpractice actions should not apply to this case. However, the statute of limitations for an action based solely on negligence and one based on medical malpractice is the same—three years. Additionally, the statute of repose for a medical malpractice action is six years. Accordingly, no matter how Plaintiff attempts to have this Court construe his allegations, the Magistrate Judge is correct that his action is subject to dismissal based on the statute of limitations.

Additionally, Plaintiff's remaining objections do not point to any error in the Report. Instead, Plaintiff makes a slew of conclusory statements regarding his general

---

[2] As noted in the Report, Plaintiff has previously filed a complaint and notice of intent to file suit in Richland County Court of Common Pleas ("state court") in 2022 asserting similar allegations. (ECF No. 15-3, p. 3). Like in the instant case, Plaintiff stated he was suing Defendants for treating him as a mental health patient and forcing him to take high dosage drugs. Plaintiff also sought the same amount in damages—$3,053,950.00. The state court judge dismissed Plaintiff's case because Plaintiff failed to comply with the mandatory South Carolina pleading requirements for a medical malpractice action. The Report finds and this Court agrees that the instant case cannot be dismissed based on res judicata because a dismissal for failing to comply with pleading requirements is not considered an adjudication of the issues presented. *See Rodgers v. Glenn*, C/A No. 1:16-16-16-RMG, 2017 WL 1051011, at *4 (D.S.C. Mar. 20, 2017) ("A dismissal for failure to comply with S.C. Code Ann. § 15-36-100, however, is without prejudice.").

[3] Plaintiff also argues the "360-Diversity-Personal Injury" code listed at the top of the CM/ECF docket for his case is evidence his action is one for negligence. However, this code is used by court personnel to organize litigation and has no bearing on the substance of his allegations. Thus, this objection is also overruled.

disagreement with the Report's findings. For example, Plaintiff states "I completely disagree with what they did to me and the lies they put on my record," About why they took into a mental health hospital…" (ECF No. 28, p. 2) (errors in original). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Thus, this Court overrules Plaintiff's remaining non-specific objections.

Therefore, this Court adopts the Report and Recommendation in full and overrules Plaintiff's objections.

### III.  CONCLUSION

For all the above stated reasons, this Court adopts the Report and Recommendation (ECF No. 23) and grants Defendants' Motion to Dismiss and/or for Summary Judgment. (ECF No. 15). Thus, Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice. Finally, Plaintiff's Request for Entry of Default (ECF No. 27) against Defendants is denied.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

October 17, 2023                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                                  United States District Judge